IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

REBECCA ANN CHILDERS                                                    PLAINTIFF

v.                              CIVIL NO. 09-2019

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                          DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Rebecca Ann Childers, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.     Procedural Background:**

Plaintiff protectively filed her applications for DIB and SSI on October 26, 2006, alleging an inability to work since April 20, 2005, due to knee, ankle and heel problems; shortness of breath; back pain; obesity; and depression. (Tr. 122, 128, 188). An administrative hearing was held on August 7, 2008, at which Plaintiff appeared with counsel and testified. (Tr. 13-74).

By written decision dated September 24, 2008, the ALJ found that during the relevant time period Plaintiff had an impairment or combination of impairments that were severe. (Tr.

84). Specifically, the ALJ found Plaintiff had the following severe impairments: morbid obesity, osteoarthritis of the knees and back, and a mood disorder. However, after reviewing all of the evidence presented, she determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 84-85). The ALJ found Plaintiff retained the residual functional capacity (RFC) to perform sedentary work. (Tr. 85). Specifically, the ALJ found Plaintiff could lift/carry ten pounds occasionally, less than ten pounds frequently; could stand/walk for two hours out of an eight-hour workday; could sit for six hours out of an eight-hour workday; and could occasionally stoop, crouch, bend and climb stairs/ramps, but never kneel, crawl or balance. The ALJ found Plaintiff could not perform any activities involving climbing of ropes/ladders/scaffolds; could not perform work involving unprotected heights/dangerous equipment or machines; and could not perform work involving extreme heat. From a mental standpoint, the ALJ found Plaintiff could perform work involving non-complex, simple instructions, little judgment, tasks learned by rote, having few variables, as well as, routine and repetitive activities requiring only superficial contact with the public/co-workers incidental to the work, and involving concrete, direct and specific supervision. With the help of a vocational expert, the ALJ determined Plaintiff could perform other work as an assembler or a machine tender. (Tr. 89).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on February 3, 2009. (Tr. 1-4). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 4). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 7,8).

AO72A
(Rev. 8/82)

## II. Applicable Law:

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Cox v. Astrue, 495 F.3d 614, 617 (8th Cir. 2007). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's decision. Id. "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision." Id. As long as there is substantial evidence in the record to support the Commissioner's decision, the court may not reverse the decision simply because substantial evidence exists in the record to support a contrary outcome, or because the court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). If we find it possible "to draw two inconsistent positions from the evidence, and one of those positions represents the Secretary's findings, we must affirm the decision of the Secretary." Cox, 495 F.3d at 617 (internal quotation and alteration omitted).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental impairment that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see also 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. §§ 404.1520, 416.920.

## III. Discussion:

Of particular concern to the undersigned is the ALJ's RFC determination. Well-settled precedent confirms that the ALJ bears a responsibility to develop the record fairly and fully, independent of the claimant's burden to press her case. Snead v. Barnhart, 360 F.3d 834, 836-37 (8th Cir. 2004). That duty includes seeking clarification from treating physicians if a crucial issue is undeveloped or underdeveloped. See Stormo v. Barnhart, 377 F.3d 801, 806 (8th Cir. 2004). The ALJ is also required to re-contact medical sources and may order consultative evaluations when the available evidence does not provide an adequate basis for determining the merits of the disability claim. See 20 C.F.R. §§ 416.912(e), 416.919a(b); Coleman v. Astrue, 498 F.3d 767, 771 (8th Cir. 2007). The ALJ's duty to develop the record extends even to cases like Plaintiff's, where an attorney represented the claimant at the administrative hearing. Id. It

is incumbent upon the ALJ to establish by medical evidence that the claimant has the requisite RFC and to question a claimant in detail about her abilities.

In determining Plaintiff's RFC, the ALJ noted Plaintiff's complaints to medical professionals and her testimony at the administrative hearing regarding her knee pain. The ALJ also noted that imaging evidence, particularly x-rays of Plaintiff's knees dated January 29, 2007, revealed Plaintiff had normal knees. (Tr. 87, 279). It appears in making the RFC assessment, the ALJ relied upon the RFC assessments completed by non-examining, medical consultants on February 9, 2007, and June 18, 2007. (Tr. 280, 325). The ALJ failed to address the medical evidence from the River Valley Primary Care Services (RVPCS) dated March 27, 2007, through November 30, 2007.[1] (Tr. 338-348). RVPCS treatment notes dated April 24, 2007, reveal Plaintiff's complaints that she was unable to walk one hundred feet without rest and that the bone pain in her heel was worse with weight bearing. (Tr. 343-345). Plaintiff also complained of joint pain. Due to Plaintiff's obesity, Dr. Shawn S. Miller gave Plaintiff a six month handicap sticker but told her she must increase her walking to improve her stamina. (Tr. 436). Plaintiff returned to RVPCS on June 27, 2007, and July 18, 2007, complaining of knee and hip pain. (Tr. 340, 342). On July 18th, Plaintiff reported her knee hurt when she walked. While a MRI of her right knee was suggested, the record shows Plaintiff reported she could not afford this test. (Tr. 341). Clearly, the medical evidence dated after the completion of the last RFC assessment relied upon by the ALJ reveals Plaintiff's joint pain, particularly her right knee pain, continued to worsen as an MRI was recommended.

---

[1] In reviewing the forms completed by the non-examining, medical consultants it appears the physicians did not have the treatment notes from RVPCS before them. (Tr. 288-290, 326-328).

AO72A
(Rev. 8/82)

After reviewing all of the evidence of record, the court does not find substantial evidence to support the ALJ's RFC determination and believes remand is necessary so that the ALJ can more fully and fairly develop the record. On remand, the ALJ is directed to address interrogatories to the physicians who have evaluated and/or treated Plaintiff --including Drs. Miller and John R. Williams – asking the physicians to review Plaintiff's medical records; to complete a RFC assessment regarding Plaintiff's capabilities during the time period in question, and to give the objective basis for their opinions so that an informed decision can be made regarding Plaintiff's ability to perform basic work activities on a sustained basis during the relevant time period in question. Chitwood v. Bowen, 788 F.2d 1376, 1378 n.1 (8th Cir. 1986); Dozier v. Heckler, 754 F.2d 274, 276 (8th Cir. 1985). Specifically, these physicians should be ask to opine as to how Plaintiff's pain and obesity impact her ability to perform daily activities. The court suggests that the ALJ also order an orthopedic consultative exam, in which, the consultative examiner should be asked to review the medical evidence of record, perform a physical examination and appropriate testing, including a MRI of Plaintiff's knee, needed to properly diagnose Plaintiff's condition and level of pain, and complete a medical assessment of Plaintiff's ability to perform work related activities. See 20 C.F.R. §§ 404.1517, 416.917.

The record further reveals a possible deterioration of Plaintiff's mental impairments after the administrative hearing. In a letter from Plaintiff's counsel dated July 22, 2008, Plaintiff's counsel advised the ALJ that Plaintiff was suicidal due to her dire financial straits and having four small children at home. (Tr. 232). Plaintiff's counsel requested the claim be flagged as "critical" so that a determination could be made quickly. While on remand, we strongly suggest the ALJ obtain a mental RFC assessment from Plaintiff's treating physician.

AO72A
(Rev. 8/82)

With this evidence, the ALJ should then re-evaluate Plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence.

**IV.     Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the Plaintiff should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 8th day of March 2010.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)