IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION


REBECCA ANN CHILDERS                                          PLAINTIFF


        v.                            CIVIL NO. 09-2019


MICHAEL J. ASTRUE, Commissioner
Social Security Administration                               DEFENDANT

## O R D E R

        Plaintiff, Rebecca Ann Childers, appealed the Commissioner's denial of benefits to this

Court.  On March 8, 2010, judgment was entered remanding Plaintiff's case to the Commissioner

pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 10).  Plaintiff now moves for an award

of $4,326.90 in attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act

(hereinafter "EAJA"), requesting compensation for 26.68 attorney hours of work before the court

at an hourly rate of $152.00, 3.25 paralegal hours at an hourly rate of $75.00, and $27.79 in

expenses.  (Docs. 11-12).  The Defendant has filed a response, expressing no objection to the

award.  (Doc. 13).

        Pursuant to 28 U.S.C. § 2412(d)(1)(A), the Court must award attorney's fees to a

prevailing social security claimant unless the Commissioner's position in denying benefits was

substantially justified.  The burden is on the Commissioner to show substantial justification for

the government's denial of benefits.  Jackson v. Bowen, 807 F.2d 127, 128 (8th Cir. 1986).

Under Shalala v. Schaefer, 509 U.S. 292, 302 (1993), a social security claimant who obtains a

sentence-four judgment reversing the Commissioner's denial of benefits and remanding the case

for further proceedings is a prevailing party.

In determining a reasonable attorney's fee, the Court will in each case consider the following factors: time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and the amount involved. Hensley v. Eckerhart, 461 U.S. 424, 430 (1983).

However, the EAJA is not designed to reimburse without limit. Pierce v. Underwood, 487 U.S. 552, 573 (1988). The district court is "in the best position to evaluate counsel's services and fee request, particularly when the court has had the opportunity to observe firsthand counsel's representation on the substantive aspects of the disability claim." Hickey v. Secretary of HHS, 923 F.2d 585, 586 (8th Cir.1991), quoting Cotter v. Bowen, 879 F.2d 359, 361 (8th Cir.1989). The Court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. See Decker v. Sullivan, 976 F.2d 456, 459 (8th Cir.1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

The EAJA further requires an attorney seeking fees to submit "an itemized statement...stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Attorneys seeking fees under federal fee-shifting statutes such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work." Id. Where documentation is inadequate, the Court may reduce the award

-2-

accordingly.  Hensley, 461 U.S. at 433.

Plaintiff's counsel requests an award under the EAJA at an hourly rate of $152.00 based on an increase in the cost of living.  Attorney's fees may not be awarded in excess of $125.00 per hour - the maximum statutory rate under § 2412(d)(2)(A) - unless the Court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee.  28 U.S.C. § 2412(d)(2)(A).  The decision to increase the hourly rate is not automatic and remains at the discretion of the district court.  McNulty v. Sullivan, 886 F.2d 1074 (8th Cir. 1989).  In Johnson v. Sullivan, 919 F.2d 503 (8th Cir. 1990), the Court stated that the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than [the maximum statutory hourly rate]," such as a copy of the Consumer Price Index (CPI).  Plaintiff's counsel has attached a summary of the CPI as an exhibit (Doc. 11) and has presented evidence of an increase in the cost of living.  The Court finds an hourly rate of $152.00, reflecting an increase in the cost of living, is appropriate.

Plaintiff's counsel has also requested paralegal hours of work at the rate of $75.00 per hour.  We find $75.00 per hour for paralegal work to be reasonable.

We next address the number of hours Plaintiff's counsel claims she spent working on this case.  Plaintiff's counsel seeks a total of 3.50 attorney hours for work from February 9, 2009, through March 11, 2009.  The Complaint was not filed in this Court until March 13, 2009. (Doc. 1).  We note that time spent at the administrative level is not compensable under the EAJA.  See Cornella v. Schweiker, 728 F.2d 978, 988-89 (8th Cir. 1984).  However, some of the time submitted on the above referenced date was clearly in preparation for the filing of the Complaint

-3-

AO72A
(Rev. 8/82)

with this Court.  We find, however, that a total of 2.00 hours is adequate time for experienced

counsel to review the merits of the case, prepare the Complaint and review the application to

proceed *in forma pauperis*.  Accordingly, 1.50 attorney hours must be deducted from the total

compensable time sought by counsel.

Plaintiff's counsel seeks a total of 15.53 attorney hours for reviewing the transcript,

researching, writing and filing Plaintiff's appeal brief.  There were no unique or complex issues

to be developed in this particular case.  Plaintiff's counsel frequently represents social security

Plaintiff's before this Court and should be well versed in social security law and we find the time

submitted for preparing this brief to be excessive. Therefore we are reducing the number of hours

submitted for the preparation of Plaintiff's brief to 12.00 attorney hours.

Plaintiff's counsel seeks a total of 1.50 attorney hours on June 3, 2010, for the

preparation of the EAJA petition, brief and motion.  Plaintiff's counsel seeks a total of 3.25

paralegal hours for the preparation of the EAJA submission, figuring the CPI index and

summarizing time.  We find the time sought to be excessive and deduct 1.00 attorney hour and 2.25

paralegal hours from the total compensable time sought by counsel.

Finally, counsel seeks reimbursement for $27.79 in expenses incurred with regard to

postage.  Such expenses are recoverable under the EAJA and we find $27.79 to be a reasonable

award.  See Kelly v. Bowen, 862 F.2d 1333, 1335 (8th Cir. 1988).

Accordingly, we find Plaintiff is entitled to an attorney's fee award under the EAJA for:

20.65 (26.68-6.03) attorney hours at the rate of $152.00 per hour, 1.00 (3.25-2.25) paralegal hour

at the rate of $75.00 per hour, and $27.79 in expenses, for a total attorney's fee award of

$3,241.59.  This amount should be paid in addition to, and not out of, any past due benefits

-4-

which Plaintiff may be awarded in the future.

The parties are reminded that the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent double recovery by counsel for the Plaintiff.

IT IS SO ORDERED this 17th day of August 2010.


/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

-5-